IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                    CRIMINAL NO. 2:08-CR-042

DAMIEN SPENCER

ORDER

The defendant, Damien Spencer, seeks an order directing plaintiff to file a bill of

particulars [docket no. 40]. The defendant contends that Count One of the Indictment charges

two criminal indictments and that there is an insufficient amount of detail to adequately prepare

a defense. Count One of the Indictment states as follows:

"[f]rom on or about August 11, 2007 through on or about February 21, 2008, in the
Northern District of Mississippi and elsewhere, Taraus Sanford, a/k/a 'Pone,' Michael LNU,
Damien Spencer, a/k/a 'Dank,' and Marcus Smallie, defendants, did knowingly and willfully
conspire with each other and others known and unknown to the Grand Jury to distribute in
excess of 5 kilograms of a mixture and substance containing cocaine hydrochloride/powder
cocaine and in excess of 50 grams of a mixture and substance containing cocaine base, Schedule
II controlled substances. All in violation of Title 21, United States Code, Sections
8419a);(b)(1)(A) and 846."

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment

be a "plain, concise and definite written statement of the essential facts constituting the offense

charged." The adequacy of an indictment is determined "by whether (1) each count contains the

essential elements of the offense charged, (2) the elements are described with particularity, . . .

(3) the charge is specific enough to protect the defendant against a subsequent prosecution for

the same offense." *United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991), quoting *United

States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1983). Further, to comply with Rule 7(c), an

indictment need not provide the evidentiary details of the government's case. *Lavergne*, 805

1

F.2d at 521. An indictment that identifies a range of dates and a generalized area, such as the Southern District of Mississippi, is sufficiently particular to establish the dates and location of the conspiracy. *Ellender*, 947 F.2d at 755-56.

It is well settled that in an indictment for conspiring to commit an offense, in which the conspiracy is the gist of the crime, it is not necessary to allege with technical precision all of the elements essential to the commission of the crime that is the object of the conspiracy. *United States v. Bragg*, 980 F.2d 1443 (5th Cir. 1991)(*citing to Wong Tai v. United States*, 273 U.S. 77, 81(1927). In the Fifth Circuit, the conspiracy charge does not have to spell out the elements of the offense the accused conspired to commit. *Id.* The indictment does not need to allege an overt act in furtherance of a conspiracy if the indictment alleges a conspiracy to distribute drugs, the time that the conspiracy was operative and the statute allegedly violated. *United States v. Kahn*, 728 F.2d 676, 680 (5th Cir. 1984).

The court has discretion to order a bill of particulars; the defendant does not possess a right to a bill of particulars. *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). The defendant has the burden of showing prejudice or clear abuse of discretion. *Id.* at 1359. The bill of particulars is not an instrument designed to compel the government to provide a detailed explanation of its legal theories or to produce its evidence. *Burgin*, 621 F.2d at 1358.

The defendant is incorrect in his assertion that Count One charges him with two crimes. Count One charges that the defendant knowingly and willingly conspired to commit the offense of distributing a particular amount of a controlled substance. Conspiracy to distribute a controlled substance is a crime under 21 U.S.C. §846, and the distribution of a controlled substance is a crime under 21 U.S.C. §841(a). Conspiracy to commit a criminal offense is

separately chargeable, and in Count One of the indictment the government specified that the object of the alleged conspiracy between the defendant and his co-conspirators was to distribute controlled substances in violation of 21 U.S.C. §841(a). Further the government identified the penalties for the distribution of certain amounts of the controlled substances. *See* U.S.C. 21 U.S.C. §841(b)(1)(A).

Count One identifies with sufficient particularity the elements of the crime of conspiracy to distribute a controlled substance. The indictment alleges that the conspiracy occurred between August 11, 2007 and February 21, 2008 in the Northern District of Mississippi. The indictment also identifies the defendant's co-conspirators by name and the amount and type of controlled substances that they allegedly planned to distribute. Finally, the government identified the criminal statutes under which the defendant is charged. Therefore, the court finds that there is sufficient detail to allow defendant to initiate his defense against the crime with which he is charged in Count One of the indictment. The specific information that the defendant seeks is more appropriately sought under the discovery rules. Accordingly, it is

ORDERED

That the defendant's motion for a bill of particulars is DENIED

This the 20th day of August.


 /s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE